Bob BULLOCK, Comptroller of Public Accounts et al., Appellants,

v.

Kenneth L. COX, d/b/a Cox Feedlot & Cattle Co., Appellee.

No. 6152.

Court of Civil Appeals of Texas, Waco.

Aug. 21, 1980.

Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Martha E. Smiley, Connie Ode, Bill Kimbrough, Asst. Attys. Gen., Austin, for appellants.

Robert D. Lipman, J. Howard Hayden, Austin, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Bob Bullock, State Comptroller, et al, from judgment of the trial court awarding plaintiff Kenneth L. Cox, d/b/a Cox Feedlot and Cattle Company, $5,754.87 for motor vehicle taxes paid under protest.

Plaintiff Cox sued defendants Bullock, et al, pursuant to Article 7057b VATS for recovery of $5,754.87 in motor vehicle taxes paid to defendants under protest.

Plaintiff alleged that in 1974 plaintiff and William Gierisch formed a Texas Corporation, Cox and Gierisch, Inc. which purchased certain trucks and trailers to be used in the operation of the business; that sales tax on purchase of each vehicle was paid by the Corporation; that plaintiff in early 1976 purchased Gierisch's total interest in the Corporation to become its sole stockholder; that in March 1976 after purchase of Gierisch's shares the Corporation made a liqui-

dating distribution of substantially all assets of the Corporation to plaintiff, such distribution was composed primarily of the transfer of motor vehicles used in operation of the Cox and Gierisch feedlot business; that upon receipt of the vehicles plaintiff registered them under the name of his sole proprietorship Cox Feedlot & Cattle Company; that the business of this sole proprietorship is identical to that of Cox and Gierisch, Inc., and amounted to merely a change in form since Cox and Gierisch, Inc. was completely owned by Cox prior to the transfer; that after the liquidating distribution of Cox and Gierisch, Inc., there remained no significant assets in the Corporation, which thereafter forfeited its right to do business in Texas by failing to pay its franchise tax in 1977; that the Comptroller assessed a motor vehicle sales tax deficiency of $5,754.87 for failure to pay tax on the vehicle "transfer"; that plaintiff exhausted administrative appeals; paid the $5,754.87 under protest, and now sues for the return of same.

Plaintiff asserted he is not liable for payment of motor vehicle sales taxes when the transfer of vehicles is between business entities with identical characteristics, save for the form of doing business.

Trial was to the court which rendered judgment for plaintiff for the $5,754.87 sued for.

Defendants Bullock, et al, appeal on 3 points mainly contending the trial court erred in holding that the transfer of vehicles from Cox & Gierisch, Inc. to plaintiff in March 1976 constituted a liquidation, or dissolution of Cox & Gierisch, Inc., because there was no dissolution of Cox & Gierisch, Inc. at that time and neither its right to do business in Texas nor its corporate charter was forfeited until many months later.

Defendants' brief asserts the primary issue is whether the trial court correctly determined that a transfer of 17 motor vehicles from Cox & Gierisch, Inc., to Cox Feedlot & Cattle Co. was not a sale at retail taxable pursuant to Chapter 6, Title 122A Tax–Gen. VATS.

Article 6.01(1) of Chapter 6 provides:

"There is hereby levied a tax upon every retail sale of every motor vehicle sold in this State, such tax to be equal to four percent (4%) of the total consideration paid or to be paid for said motor vehicle. The tax shall be the obligation of and be paid by the purchaser of the motor vehicle".

In 1973 Kenneth L. Cox and William H. Gierisch formed and incorporated Cox & Gierisch under the laws of Texas; and the Corporation thereafter acquired certain motor vehicles for use in its business of hauling and selling livestock; which it paid motor vehicle sales taxes on at purchase of the vehicles; between January 1, and March 1, 1976, Kenneth L. Cox purchased all of the interest of Gierisch in Cox & Gierisch, Inc., and became sole owner thereof; on March 19, 1976, Cox & Gierisch, Inc., transferred 17 motor vehicles to Cox Feedlot & Cattle Co. each with a lien in favor of Winter Garden Production Credit Association; Cox Feedlot & Cattle Co. is a sole proprietorship and D/B/A of Kenneth L. Cox; on September 15, 1977, Cox & Gierisch, Inc., forfeited its right to do business for failure to pay its franchise tax and on March 13, 1978, its charter was forfeited by the Secretary of State.

Under such evidence we think the trial court authorized to find and hold that the transfer of the 17 vehicles from the Corporation to plaintiff was a liquidation of the Corporation, and not a sale to plaintiff; and that when there is a transfer of substantially all of the assets of a business entity to another such entity with identical ownership no tax is due.

Defendant contends that because the transfer of the vehicles was made on March 19, 1976, and the Corporation did not forfeit its right to do business until September 15, 1977, that the trial court erred. The trial court was authorized to believe the vehicle transfers were in liquidation of the Corporation; there is no evidence the Corporation ever did any business or attempted to do any business after March 19, 1976, and very soon thereafter it forfeited its right to do business, and charter.

All defendants' points and contentions have been considered and are overruled.